**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MCGANN & CHESTER LLC, :
            : CIVIL ACTION NO. 26-1595
   Plaintiff,     :
            :
vs.          :
            :
BROOKLYN SPECIALTY INSURANCE : <u>JURY TRIAL DEMANDED</u>
CO. RISK RETENTION GROUP, INC., :
            :
   Defendant.    :

**COMPLAINT FOR DECLARATORY JUDGMENT AND
BREACH OF CONTRACT**

AND NOW, comes the Plaintiff, McGann & Chester, LLC, by and through its counsel, Brian L. Shepard, Esquire, Joshua Miller, Esquire, and the law firm of Pion, Nerone, Girman & Smith, P.C., and files this Complaint for Declaratory Judgment and Breach of Contract, and, in support thereof respectfully avers as follows:

**PARTIES AND BACKGROUND**

1. Plaintiff, McGann & Chester LLC (hereinafter "Plaintiff") is a Pennsylvania limited liability company engaged in the business of towing, storage, and recovery of motor vehicles, and roadway cleanup, having its principal place of business at 700 Hargrove Street, Pittsburgh, PA 15226.

2. Upon information and belief, Defendant Brooklyn Specialty Insurance Company Risk Retention Group, Inc., ("Brooklyn") is a business incorporated under the laws of Alabama, with a principal place of business at 445 Dexter Ave, Suite 9075, Montgomery, Alabama 36104.

3. Upon information and belief, at all times pertinent hereto, Yoara Trucking, Inc., (hereinafter "Yoara") was a Florida corporation engaged in the business of interstate freight transportation and operating under DOT number 3018966, with a principal place of business at

6317 Greylynne Street, Orlando, Florida 32807 and, at the time of the accident discussed herein, was conducting business in Allegheny County, Pennsylvania.

4.      Upon information and belief, at the time of the occurrence identified herein, Yoara held an insurance policy with Defendant Brooklyn, policy number FP-39-102020, which included an Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 ("MCS-90"). A copy of the Declarations page for Yoara Trucking's policy with Defendant Brooklyn is attached as **Exhibit 1,** and the then applicable MCS-90 endorsement is attached hereto as **Exhibit 2**.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because matter arises under the laws of the United States, as required by 28 U.S.C. §1331, notably with regard to the enforcement and interpretation of the Motor Carrier Act of 1980, as codified at 49 U.S.C. 31139, et seq.

6.      Additionally, and/or in the alternative, there is diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a), and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

7.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

8.      Plaintiff incorporates the averments contained within paragraphs one (1) through seven (7) of this Complaint as though fully set forth herein.

9.      This action arises from a final judgment entered in the Court of Common Pleas of Allegheny County, Pennsylvania, at docket number GD 21-014304 on May 8, 2026 in favor of

Plaintiff and against Yoara Trucking, Inc., by way of Yoara's default, in the amount of $324,290.50 (the "Allegheny County Action").  A copy of the filed Praecipe to enter default judgment, and the docket reflecting the entry of the same, is attached as **Exhibit 3**.

10.     Defendant Brooklyn has failed to acknowledge coverage owed to Yoara with respect to public liability for property damage and environmental restoration costs and expenses, as asserted against Yoara in the Allegheny County action described herein, and/or is now obligated to satisfy this judgment pursuant Brooklyn's status as the MCS-90 issuer for Yoara.

11.     Plaintiff therefore now files this declaratory judgment and breach of contract action against Yoara's policy and/or MCS-90 Endorsement with Brooklyn as provided for by applicable federal law, to execute upon and/or satisfy the aforementioned judgment.

12.     The incident underlying the Allegheny County action occurred on or about June 4, 2021, at such time as a 1997 Freightliner tractor, with VIN number 1FUPCSEB8VP831328, being operated under Yoara's DOT operating authority, struck a low-hanging power line at or around 19, 35th Street, Pittsburgh, Pennsylvania, in the Lawrenceville neighborhood of Pittsburgh.

13.     As a result of being struck by the tractor-trailer, the power line was severed, and the transformers into which the power line ran caught fire and fell onto the tractor and trailer.  The fire ultimately consumed the Yoara tractor-trailer, with several other vehicles, as well as the surrounding area, also suffering damage and exposure to environmental contaminants.

14.     The incident occurred due to the negligence of Yoara Trucking's driver, for which, upon information and belief, Yoara Trucking's MCS-90 provides coverage for public liability as issued by Defendant Brooklyn and/or as required by applicable MCS-90 regulation.

15.     Following the incident, Plaintiff was called to the scene to perform wrecking, recovery, towing, cleanup, and site reclamation services for the burned Yoara tractor-trailer and

the surrounding area. Plaintiff immediately dispatched a Recovery Supervisor to the scene to assess what equipment and crew were needed.

16.    Plaintiff's recovery supervisor accompanied by both the Pittsburgh Police and Fire Departments. responded to the scene, developed a response plan, and equipment was dispatched to the scene.

17.    Duquesne Light, the entity that owned the pole which was struck and the transformer(s) which had caught fire and fallen, also responded to the scene and advised regarding the potential presence of PCB in the involved transformers. Duquesne Light's HazMat team sampled the fluid to determine the presence of PCB before site remediation services could continue.

18.    The next day, on June 5, 2021, Duquesne Light's testing showed that there was no PCB in the fluid, but mineral oil was present and mixed into the wreckage. Plaintiff's equipment and crew were dispatched to work on site remediation, alongside crews from Duquesne Light.

19.    Plaintiff's crew performed *inter alia,* the following services upon returning to the site on June 5, 2021, constituting remediation of property damage and environmental restoration:

   a. Removal and disposal of all loose paneling and debris from the trailer into a dumpster;

   b. Severing the rear frame rails of the trailer and cutting down the front section of the trailer;

   c. Lifting the sectioned pieces of the trailer and landing gear onto multiple flatbeds for removal;

   d. Removal of the tractor stacks;

   e. Loading of the tractor;

   f. Cutting the hood into multiple pieces for disposal in the provided dumpster;

   g. Clearing of all remaining debris;

h. Spreading of oil spill remediation products in the affected area; and

i. Towing and transportation of all wreckage to Plaintiff's Carnegie storage location.

20. Following the site response, Plaintiff removed all debris and wreckage to waste disposal and its storage facility located in Carnegie, Allegheny County, Pennsylvania.

21. Plaintiff provided an invoice to Yoara in relation to the June 4, 2021 accident and Plaintiff's services rendered on June 4-5 in response thereto, including but not limited to site reclamation, containment and cleanup of fluids, recovery, towing, and for ongoing storage of the remains of the tractor-trailer. A true and correct copy of Plaintiff's original invoice for services is attached hereto as **Exhibit 4**.

22. The invoice for Plaintiff's services provided a detailed and itemized list of the charges and fees for the services Plaintiff provided to Yoara in relation to the accident, amounting to $31,930.50, and provided for ongoing storage fees of $175 per day, which is a reasonable, customary, and fair market value for Plaintiff's services, and constitutes ongoing costs, continuation, and/or perpetuation of the attendant property damage and environmental cleanup of the area.

23. After being presented with the bill, both Yoara and Brooklyn ignored requests for payment.

24. The Allegheny County Action followed. Ultimately, default was entered against Yoara Trucking, and judgment entered in the amount of $324,290.50. (See Exhibit 1).

25. Plaintiff is a judgment creditor of Defendant's insured, Yoara Trucking. (See Exhibit 1).

26. Yoara Trucking has wrongfully refused to tender payment despite the fact that the final judgment clearly is owed.

5

27.     The Insurance Policy and coverage provided by Defendant Brooklyn to Yoara contained an MCS-90 Endorsement which provided a per occurrence limit in the amount of $750,000.  (See Exhibit 2).

28.     The MCS-90, in part provides:

In consideration of the premium stated in the policy to which this endorsement is attached, *the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured* for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

Form MCS-90 (emphasis added) (See Exhibit 2).

29.     The MCS-90 further provides:

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

Form MCS-90. (See Exhibit 2).

30.     Either under its Policy and/or the MCS-90 Endorsement, Defendant Brooklyn had a clear obligation to indemnify Yoara Trucking for the underlying Default Judgment entered against them, or to pay and satisfy the final judgment entered against it.

## COUNT I
## DECLARATORY JUDGMENT

31.     Plaintiff incorporates paragraphs one (1) through thirty (30) of this Complaint as though fully set forth herein.

32.     A Final Judgment in the amount of $324,290.50 has been entered against Yoara Trucking in the Court of Common Pleas of Allegheny County, Pennsylvania for damages and liens arising out of a June 4, 2021 motor vehicle accident.  (See Exhibit 2).

6

33.    At all relevant times, Defendant Brooklyn was the insurer of Yoara Trucking and provided insurance coverage thereto under the Policy. (See Exhibits 1 and 2).

34.    Upon information and belief, the Policy included an MCS-90 Endorsement.  (See Exhibit 2).

35.    Defendant Brooklyn was obligated to pay up to the Policy coverage limits and/or MCS-90 indemnity limits towards satisfaction of the Default Judgment entered against its insured, Yoara Trucking.

36.    However, Defendant Brooklyn improperly disclaimed coverage in this matter and/or has failed to satisfy the said Default Judgment to Plaintiff.

37.    As a judgment creditor of Yoara Trucking, Plaintiff is entitled to receive payment of up to the coverage limits and/or MCS-90 indemnity limits towards satisfaction of the Default Judgment entered in its favor and against Yoara Trucking.

WHEREFORE, Plaintiff respectfully request that this Honorable Court declare:

A.    Defendant Brooklyn owes indemnity to Yoara Trucking under the Policy and/or the MCS-90 Endorsement with respect to the underlying Default Judgment entered against Yoara Trucking;

B.    The coverage limits/obligations under the Policy and/or MCS-90 are $1,000,000.00 and 750,000.00, respectively;

C.    Yoara Trucking's tractor trailer was transporting property and engaged in interstate commerce at the time of the underlying accident;

D.    The accident occurred due to the negligence of the Yoara Trucking's driver;

E.    The accident caused public liability, namely property damage and environmental restoration as provided for under the MCS-90 endorsement and the applicable regulations governing the same;

F.      Defendant Brooklyn is therefore obligated to pay Plaintiff $324,290.50, or some portion thereof, in satisfaction of Plaintiff's Default Judgment; and

G.      For such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

38.     Plaintiff incorporates paragraphs one (1) through thirty-nine (39) of this Complaint as though fully set forth herein.

39.     Defendant's refusal to issue payment to Plaintiff in the amount of $324,290.50 is in breach of the terms and provisions of the Policy and the MCS-90 Endorsement issued with the Policy and/or which amended the Policy pursuant to applicable Federal Motor Carrier Regulations.

40.     As a direct, proximate and consequential result of Defendant's refusal to pay $324,290.50 owed under the Policy, Plaintiff has been damaged.

WHEREFORE, Plaintiff demand judgment in the amount of $324,290.50 plus interest and costs against Defendant, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

PION, NERONE, GIRMAN,
& SMITH, P.C.


BY:___/s/ Joshua R. Miller_____
Joshua R. Miller, Esquire
jmiller@pionlaw.com
Pa. I.D. No. 366074
Brian L. Shepard, Esquire
bshepard@pionlaw.com
Pa. I.D. No. 319322

1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA  15222
412-281-2288

*Counsel for Plaintiff*